STATE *v.* NOWELL & *a.*

In misdemeanors all participants are principals, and may be indicted therefor either separately or jointly.

INDICTMENT, for an assault of an aggravated nature, containing two counts. The first alleged that the assault was committed by the defendant E. E. N., and the second, that the other defendants, E. S. N. and J. A. W., "were present, aiding, abetting, and assisting" him in the assault.

The defendants moved to quash for misjoinder, and also that E. S. N. and J. A. W. be discharged, because no offence was charged against them; but the presiding justice denied the motions. The

state asked leave to amend, and charge all the defendants as principals, which was granted, subject to exception. The jury returned a verdict of guilty as to each of the defendants. Motion to set aside the verdict, and also in arrest of judgment.

*Tappan*, Attorney-General, for the state.

*Copeland & Edgerly*, for the defendants.

BLODGETT, J. The offence charged in the indictment is a misdemeanor (G. L., *c.* 282, *ss.* 20, 21; *ib.*, *c.* 262, *s.* 10; *State* v. *Felch*, 58 N. H. 2), and in misdemeanors there are no accessories, but all concerned are principals; and the distinction between principals of the first and second degree is unknown. 1 Bish. Cr. L. (2d ed.), *ss.* 463, 483; 1 Ch. Cr. L. (5th Am. ed.) 261; 1 Arch. Cr. Prac. & Pl. (6th ed.) 11.

If, then, as they contend, E. S. N. and J. A. W. are charged as accessories merely, their motion for discharge should have been granted. But such is not the fact; for the indictment alleges not only that they aided, abetted, and assisted in the commission of the assault, but also that they were present at its commission. The effect of these allegations is to charge them as principals, for absence is indispensably necessary to constitute one an accessory, and in misdemeanors all participants are principals. Being principals, these two defendants properly might have been directly charged as such in the indictment, and thus have freed it from useless circumlocution and surplusage; but it is not for them to complain that they are charged as aiders and abettors rather than as principals, since in either case there is no difference in the offence or its punishment (G. L., *c.* 284, *s.* 1), and no evidence could have been admitted at the trial, or conviction had, by reason of the superfluous allegation of aiding, abetting, and assisting, which would not have been competent if that allegation had been omitted.

Nor can they complain because leave to amend was granted, for, although it was unnecessary, it neither added to nor subtracted from the offence, and so, at most, was formal simply, and not subject to exception.

The motion to quash for misjoinder was properly denied also. Indeed, it is quite elementary, that if several are engaged in the commission of the same offence, they may be joined in the same indictment, or each may be separately indicted.

The motion to set aside the verdict, and also that in arrest of judgment,

                                                     *Must be denied.*

CLARK, J., did not sit: the others concurred.